UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
VICTOR SANTANA,

        Plaintiff,

v.                                                   1:15-cv-1424
                                                        (TJM/DJS)

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
as Trustee for the Fannie Mae Guaranteed Remic
Pass-Through Certificates Fannie Mae Remic Trust
2006-81, SETERUS, INC., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States Judge

## DECISION and ORDER

Before the Court is Defendants' joint motion to dismiss the complaint. See dkt. # 8. Plaintiff has not responded to the motion, and the time for such response has passed.

**I.    BACKGROUND**

Plaintiff, proceeding *pro se*, filed the instant Complaint on December 1, 2015. See Complaint ("Complt."), dkt. # 1. The Complaint alleges that Defendants engaged in fraud in a mortgage transaction with the Plaintiff and breached contractual provisions. Plaintiff contends that the note and the mortgage in question were never properly assigned, and that a foreclosure action against the property was therefore improper. The mortgage, he contends, is unenforceable. Plaintiff seeks damages of $108,000, the amount of the underlying loan on the property transaction, as well as additional damages for the alleged fraud. He also seeks an order from the Court declaring the

foreclosure on the property to be void.

After being served with the Complaint, Defendants filed a joint motion to dismiss. See dkt. # 8. Defendants served that motion on the Plaintiff. See dkt. # 12. The Court ordered Plaintiff to respond by January 22, 2016. See dkt. # 13. Plaintiff has not yet responded.

## II. ANALYSIS.

Defendants have filed a motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Plaintiff has not stated a claim upon which relief could be granted, even if all factual allegations in the complaint were proved true. In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). This tenet does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).

Plaintiff has not responded to the motion. Plaintiff's failure does not constitute a default because "[s]uch motions assume the truth of a pleading's factual allegations and test only its legal sufficiency." McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000). As such, "although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of

the law." Id. When a complaint meets the pleading standing, "the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." Id. at 323.

## III. ANALYSIS

Defendants seek dismissal on several grounds. For reasons that will become clear, the Court will address only one of those grounds.

Defendants first argue that the Court should abstain from exercising jurisdiction over this matter because to do so would interfere with a state foreclosure action. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." Younger v. Harris, 401 U.S. 37, 43 (1971). The doctrine enforcing that desire has been termed "abstention." "In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction." Sprint Communs., Inc. v. Jacobs, 123 S.Ct. 584, 588 (2013). "Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." Id. The Supreme Court has identified three situations where abstention for a state proceeding is appropriate: (1) "[w]hen there is a parallel, pending state criminal proceeding"; (2) when a state-court proceeding exists that is "akin to [a] criminal [proceeding]"; or (3) a case "implicate[s] a State's interest in enforcing the orders and judgments of its courts[.]" Id. If the matter falls into one of these three categories, abstention is appropriate "when: (1) there is an ongoing state proceeding; (2) that implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Spargo v. New York State Comm'n on Judicial Condcut, 351 F.3d 65, 75 (2d Cir. 2003).

A number of courts in this circuit have concluded that abstention is appropriate when a federal action seeks to enjoin an ongoing state foreclosure proceeding. Such courts have found that a state foreclosure action is a "'civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts'" and abstained from hearing the federal case. Abbatiello v. Wells Fargo Bank, N.A., 116 A.F.T.R.2d (RIA) 6521 at *9 (E.D.N.Y. Oct. 8, 2015) (quoting Sprint, 134 S.Ct. at 588); see also, Fequiere v. Tribeca Lending, No. 14cv812, 2014 U.S. Dist. LEXIS 183152 at *8-9 (E.D.N.Y. July 15, 2014) ("'[T]o the extent [p]laintiff seeks federal court intervention in an on-going state foreclosure proceeding, such claims are generally barred by Younger v. Harris'") (quoting Marcelo v. EMC Mortg. Corp., No. 10-cv-5964, 2011 U.S. Dist. LEXIS 50063, at *4 (E.D.N.Y. May 6, 2011)); Muong v. Fannie Mae, No. 13cv6564, 2013 U.S. Dist. LEXIS 176424 at *7 n.1 (E.D.N.Y. Dec. 16, 2013).

To the extent that Plaintiff seeks a declaratory judgment form the Court that enjoins any *pending* state-court proceeding, the Court would invoke Younger abstention and decline to hear the case. It is unclear, however, whether a case is actually pending in state court. Plaintiff's complaint admits an underlying state mortgage foreclosure proceeding, but appears to indicate that the case has been resolved. Defendant's motion includes as exhibits documents from the Supreme Court of Schenectady County, New York. The Court will consider those documents. See Kramer v. Time Warner, 937 F.2d 767, 774 (2d Cir. 1991) (in deciding a Rule 12(b)(6) motion a court is permitted to take "judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings."). These court filings indicate that a foreclosure action was initiated against the Plaintiff in that court, and that the court eventually

entered summary judgment for the Plaintiff in that matter and against the Plaintiff in this case. See Exhibits 3, 5 to Declaration of Jonathan E. Samon, dkt. # 8-2. Since Younger abstention only applies to pending state-court action and Defendants have not demonstrated that the action is actually pending, the Court will deny the motion with leave to renew should Defendants have evidence that an action is actually pending in state court.

The Court notes, however, that Defendants appear to argue that Younger abstention would permit dismissal of the entire action. Defendants are mistaken. Plaintiff Complaint seeks damages in addition to (arguably) injunctive relief, and "abstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and [a court] would dismiss otherwise identical claims for declaratory and injunctive relief[.]" Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000). Under those conditions, "a stay of the action pending resolution of the state proceeding may be appropriate." Id. Thus, should the Defendants file a new motion to dismiss and demonstrate that Younger abstention applies to this case, the Court would not be compelled to dismiss the entire case unless the Defendants could show that Plaintiff has failed to state a claim for upon which relief could be granted for those claims that seek monetary relief. Because comity requires this Court to consider abstention in favor the state-court proceeding, the Court will not address arguments regarding whether Plaintiff has stated a claim upon which relief could be granted at this point.

The Court has another alternative in addressing whether the instant case should be heard in this Court: the Rooker-Feldman doctrine. Under that standard, a federal

district court may not hear "'cases brought by state-court losers complaining of injuries rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Green v. Mattingly, 585 F.3d 97, 101 (2d Cir. 2009) (quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)). The doctrine applies when four conditions are met:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain [] of injuries caused by [a] state-court judgment." Third, the plaintiff must "invite district court review and rejection of [that] judgment []." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced"– i.e., Rooker-Feldman has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

Id. (quoting Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005)). "Rooker-Feldman is jurisdictional," Hachamovitch v. Debuonon, 159 F.3d 687, 696 n.2 (2d Cir. 1998). Under those circumstances, the Court would not be required to differentiate between equitable and damages claims.

Defendants did not raise the Rooker-Feldman issue. They did not provide any information on whether the state case is currently under appeal, and the Court declines under those circumstances to *sua sponte* dismiss the case. Defendants may choose to address this doctrine if they file a renewed motion to dismiss.

## IV.   CONCLUSION

For the reasons stated above, the Defendants' joint motion to dismiss, dkt. # 8, is hereby DENIED with leave to renew. Defendants shall either file a renewed motion to dismiss or file an answer to the Complaint within twenty-one days of the date of this Order.       .

IT IS SO ORDERED

Dated: February 18, 2016

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge