UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VICTOR SANTANA,

       **Plaintiff,**

              1:15-CV-1424

 v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, AS Trustee for the Fannie Mae Guaranteed Remic Pass-Through Certificates Fannie Mae Remic Trust 2006-81, SETERUS, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

_____

THOMAS J. MCAVOY,
Senior District Judge

## DECISION AND ORDER

Before the Court is Defendants' renewed motion to dismiss pursuant to Rule 12(b)(6) of the Federal rules of Civil Procedure. See dkt. # 15. The parties have briefed the issues and the Court will decide the motion without oral argument.

**I. BACKGROUND**

Plaintiff obtained a mortgage loan of $108,000 from First Franklin Bank on July 24, 2006. Plaintiff signed a promissory note secured by a mortgage on the subject property. Defendant Mortgage Electronic Regulation Systems ("MERS") was First Franklin's mortgagee as nominee. On July 23, 2013, Residential Credit Solutions, Inc.

("RCS"), then the holder of the mortgage loan, commenced a foreclosure action against Plaintiff in the Schenectady County Supreme Court. The state court granted RCS's motion for summary judgment in the foreclosure action and substituted Fannie Mae as party plaintiff.

Plaintiff, proceeding *pro se*, filed the instant Complaint on December 1, 2015. See Complaint ("Complt."), dkt. # 1. The Complaint alleges that Defendants breached the provisions of the mortgage and engaged in fraudulent misrepresentation by intentionally failing to disclose that the mortgage had been assigned to Fannie Mae. See id. at ¶¶ 108-112. Plaintiff insists that the note and the mortgage in question were never properly assigned, and that a foreclosure action against the property was therefore improper. Plaintiff alleges that the mortgage is unenforceable. Plaintiff seeks damages of $108,000 for breach of contract, as well as additional damages for the alleged fraudulent misrepresentation. He also seeks an order from the Court declaring the foreclosure void.

Defendants filed a motion to dismiss on December 23, 2015. The Court denied the motion, determining that Defendants had not properly indicated the status of any parallel state-court proceedings in a manner sufficient to invoke Younger abstention. See dkt. # 14. The Court granted Defendants leave to file a renewed motion to dismiss or an answer to the Complaint. Defendants renewed their motion to dismiss on March 10, 2016. That motion is now before the Court.

## II. LEGAL STANDARD

Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In addressing such motions, the Court must accept "all factual

allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). This tenet does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).

When, as here, the Plaintiff proceeds *pro se*, the Court "'construe[s] [the complaint] broadly, and interprets [it] to raise the strongest arguments that [it] suggests.'" Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991)). "[T]he court may, without converting the motion to dismiss into a motion for summary judgment, consider . . . any documents relied on and/or referenced in the complaint (even if those documents are not attached to the complaint, if those documents are provided by defendants in their motion to dismiss)[.]" Pierce v. Monell, 2007 WL 2847317, at *5 & n.21 (N.D.N.Y. 2007) (citing Chambers v. Time Warner, 282 F.3d 147, 153 & n.3 (2d Cir. 2002)). "The court need not accept as true an allegation that is contradicted by documents on which the complaint relies." In re Bristol-Myers Squibb Sec. Litig., 312 F. Supp. 2d 549, 555 (S.D.N.Y. 2004).

3

**III. ANALYSIS**

**A. Abstention**

Defendants argue that to the extent Plaintiff seeks an order deeming the mortgage void and unenforceable, the Court should decline to exercise jurisdiction over Plaintiff's claims pursuant to the Younger abstention doctrine. That doctrine provides that federal courts should decline to exercise jurisdiction over cases when doing so would interfere with pending state-court proceedings. See Younger v. Harris, 401 U.S. 37, 43 (1971); Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584 (2013). However, "[a]bstention is not in order simply because a pending state-court proceeding involves the same subject matter." Sprint, 134 S. Ct. at 588. Abstention is only proper in situations when: (1) "there is a parallel, pending state criminal proceeding"; (2) a state-court proceeding exists that is "akin to [a] criminal [proceeding]"; or (3) a case "implicate[s] a State's interest in enforcing the orders and judgments of its courts[.]" Id. If the case falls under one of these three categories, then abstention is mandatory when: "(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal . . . claims." Spargo v. New York State Commission on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003).

Courts in this circuit have held that Younger abstention bars federal courts from exercising jurisdiction over pending state-court foreclosure actions. See e.g. Clark v. Bloomberg, No. 10-CV-1263, 2010 WL 1438803 (E.D.N.Y. 2010) ("Abstention doctrine thus bars [Plaintiff's] claims to enjoin the foreclosure action[.]"); Marcelo v. EMC Mortgage Corp., No. 10-CV-5964, 2011 WL 1792671, at *4 (E.D.N.Y. 2011) ("To the

4

extent Plaintiff seeks federal court intervention in an on-going state foreclosure proceeding, such claims are generally barred by [Younger].); Abbatiello v. Wells Fargo Bank, N.A., No. 15-CV-4210, 2015 WL 5884797 at *4 (E.D.N.Y. 2015). However, the Court must first determine whether the state-court foreclosure proceeding is in fact pending.

Plaintiff's Complaint admits an underlying mortgage foreclosure proceeding, but appears to indicate that the case has been resolved. Defendants submit that the foreclosure proceeding is still underway. Defendants have provided a state-court case docket query and the affidavit of Craig K. Beideman, counsel for Fannie Mae in the mortgage foreclosure proceeding.

Both the docket query and affidavit indicate that the foreclosure proceeding is still underway. According to Defendants' motion to dismiss and the Beideman affidavit, it appears that the state court granted summary judgment to Fannie Mae in the mortgage foreclosure proceeding. A referee provided an oath and report, and Fannie Mae will now move the state court for judgment of foreclosure and sale. Beideman affidavit at ¶ 5, dkt # 15-12. The state court docket still lists the case as active. See N.Y.S. Unified Court System docket query, dkt # 15-13. The Court is therefore satisfied that the state-court mortgage foreclosure proceeding is still pending.

Since the foreclosure proceeding was initiated before Plaintiff filed the Complaint in the instant action, and since the state-court proceeding is still pending, the Court must abstain from exercising jurisdiction over Plaintiff's request for injunctive relief holding the mortgage void and unenforceable. See, e.g., F.D.I.C. v. Four Star Holding Co., 178 F.3d 97 (2d Cir. 1999). The motion to dismiss will be granted in this respect.

The Court must still consider the motion to dismiss as it applies to Plaintiff's breach of contract and fraud claims, since those claims seek monetary damages. If the Court finds that Plaintiff has stated a claim on these matters, a stay of the action would be appropriate for those claims. "[A]bstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and [a court] would dismiss otherwise identical claims for declaratory and injunctive relief, [and] a stay of the action pending resolution of the state proceeding may be appropriate." Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000).

### B. Breach-of-Contract Claim

Plaintiff alleges that Defendants "breached their agreement with Plaintiff . . . by failing to notify Plaintiff of the change in ownership of the Note and Mortgage, pursuant to the mandated language of the Mortgage." Complt. at ¶ 93. Plaintiff claims that the assignment of the mortgage to Fannie Mae was never recorded in the Schenectady County Clerk's office and he was thus not put on constructive notice of the assignment. Id. at ¶ 27. Plaintiff claims that the mortgage is unenforceable because of Defendants' alleged breach of contract.

"The elements of a breach of contract claim in New York are: (1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach." Intercept Pharmacy, Inc. v. Howard, 615 F. App'x 42, 43 (2d Cir. 2015). The Court will consider only the third element.

Plaintiff alleges that Defendants breached the terms of the mortgage by failing to disclose the assignment of the mortgage to Fannie Mae. The language of the

6

mortgage, however, undermines Plaintiff's claims. As explained above, Plaintiff must allege that Defendants failed to perform under the mortgage to state breach-of-contract claim. Plaintiff alleges that the terms of the mortgage required Defendants to "notify Plaintiff of the change in ownership of the Note and Mortgage, pursuant to the mandated language of the Mortgage." Complt. at ¶ 93. The mortgage contains no such provision. The mortgage provides that "[t]he Note, or an interest in the Note, together with this Security Instrument, may be sold one or more times. [Plaintiff] might not receive any prior notice of these sales." Mortgage between Victor Santana and First Franklin at ¶ 20, dkt. # 15-3. As the Plaintiff's Complaint incorporates this document by reference and Plaintiff undoubtedly relied on the document in drafting the claim, the Court may rely on it in deciding the motion. See ATSI Communs., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (In deciding a motion to dismiss a court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which he relied in bringing the suit."). Plaintiff cannot claim that Defendants breached the mortgage by failing to give him notice of a change in ownership of the note and mortgage when the mortgage does not require such notice.[1]

---

[1] The mortgage states that "[t]here may be a change of the Loan Servicer as a result of the sale of the Note. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. Applicable Law requires that [Plaintiff] be given written notice of any change of the Loan Servicer." Mortgage at ¶ 20. However, Plaintiff does not argue that he failed to receive notice of a change in loan servicer. Plaintiff's claims are based around Defendants' alleged failure to provide him notice of a change in ownership.

Plaintiff also claims that Defendants breached the mortgage because "while the mortgage indicates that the Note and Mortgage may be sold, it therein states that the Mortgage and Note would be transferred together. No assignment of the *mortgage* is recorded in the county records to reflect the transfer of Plaintiff's Loan to Defendant Fannie Mae." Complt. at ¶ 97 (emphasis in original). Under New York law, "[o]nce a note is transferred . . . the mortgage passes as an incident to the note." Aurora Loan Servs., LLC v. Taylor, 25 N.Y.3d 355, 361 (2015) (citation omitted); see also Caraballo v. Homecomings Fin., No. 12-CV-3127, 2014 WL 2117225, at *3 (S.D.N.Y. 2014) ("Under New York Law, mortgages are incidental to the notes they secure.") The assignments in question clearly indicate that the assignments were transfers of interest in both the note and mortgage. See Mortgage Assignment, dated August 17, 2011, dkt. # 15-4; Mortgage Assignment, dated November 7, 2014, dkt. # 15-6. Whether the Mortgage was split from the Note is inconsequential for the purposes of analyzing a claim for breach of contract. "[S]plit mortgages may invalidate the standing of the purported mortgagee but they do not invalidate the existence of a lien on validly secured property." Caraballo, 2014 WL 2117225, at *3. Defendants' motion will be granted in this respect as well.

    **C.**    **Fraudulent Misrepresentation**

Defendants next seek dismissal of Plaintiff's fraudulent misrepresentation claim. "To state a claim for fraudulent misrepresentation under New York law, 'a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance.'"

8

Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co., 375 F.3d 168, 186-87 (2d Cir. 2004). A plaintiff pressing a fraud claim in federal court must plead that claim with particularity pursuant to Federal Rule of Civil Procedure 9(b), which "requires that 'the circumstances constituting fraud . . . be stated with particularity.'" Acito v. IMCERA Group, 47 F.3d 47, 51 (2d Cir. 1995) (quoting FED. R. CIV. P. 9(b)). The Plaintiff must: "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Id. (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)).

The Complaint alleges that a "false representation" occurred because Plaintiff did not "discover the identity of the owner of his loan" until June 5, 2015. Complt. at ¶ 108. Defendants were aware of the falsity of that representation, Plaintiff alleges, since "Defendant SETERUS and MERS were more than well aware that the Loan was owned by FANNIE MAE–so much so that it was reflected upon MERS' website for the world at large to see. It has since been removed." Id. at ¶ 110. According to Plaintiff, Defendants intended to defraud the Plaintiff with that statement, as they intended "to induce plaintiff to do what the defendant wanted." Id. at ¶ 111. Plaintiff alleges that he relied on the statement because he "did not know that the Defendants' statement was a lie." Id. at ¶ 112. Plaintiff alleges that he suffered harm from that conduct. Id. at ¶¶ 113-117. Plaintiff does not explain the particular harm, however, but simply attempts to assess the amount of damages. Id. at ¶¶ 114-117. He contends that he was harmed by the fraudulent scheme in the amount of $250,000. Id. at ¶ 117.

9

These allegations fail to meet the particularity standard outlined above. First, Plaintiff does not identify a particular statement that was false, but instead contends that he had a false belief about ownership of the mortgage and implies that Defendants should have known of that belief. That allegation does not identify the particular statement, the identity of the speaker, or the time and place where the allegedly fraudulent statement was made. In that sense, the allegation falls short of the requirements outlined above. Moreover, the Complaint also fails to explain why the statements were fraudulent, or to what action the statements induced him. Plaintiff also fails to offer any explanation of how the fraud damaged him; he just offers an amount of damages. Those allegations are vague and merely repeat the elements of a fraud claim. They would fail even under the less-restrictive Iqbal-Twombly standard. As such, the Defendants' motion will be granted in this respect.

Plaintiff responds to the Defendants' argument only briefly, stating that "[u]nless the Defendants can present perfection in the chain of title for the promissory note, ending in the Defendants being specifically named as . . . the holder in due course, Plaintiff believes that Defendants are in fact bring [sic] fraud before the court." Plaintiff's Brief, dkt. # 19, at 2. This statement underlines another, more fundamental problem with Plaintiff's fraud claim. In New York, "'[i]t is well settled that a cause of action for fraud does not arise where, as here, the fraud alleged relates to a breach of contract.'" Salvador v. Uncle Sam's Auctions & Realty, Inc., 307 A.D. 609, 611, 763 N.Y.S.2d 360, 362 (3d Dept. 2003) (quoting Fourth Branch Assoc. Mechanicville v. Niagara Mohawk Power Corp., 235 A.D.2d 962, 963, 653 N.Y.S.2d 412 (1997)). The fraud that Plaintiff here alleges is based on the same facts giving rise to his breach-of-contract claim–that

10

Defendants failed to inform him of the transfer of his mortgage to a third party. Even if Plaintiff had more successfully pled his claim of fraud, then, the Court would grant the motion to dismiss as duplicative of the contract claim.

### D. Dismissal Without Prejudice

"'A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). At the same time, "a futile request to replead should be denied." Id.

The Court will dismiss the Plaintiff's claims for injunctive relief with prejudice to repleading in this Court pursuant to the Younger doctrine, as repleading such claims here would be futile.[2] Likewise, the mortgage document demonstrates that Defendants could not breach the contract as alleged by Plaintiff, and amendment would be futile. Out of an abundance of caution, however, the Court will permit the Plaintiff to replead his fraudulent misrepresentation claims. If Plaintiff has facts supporting a basis for fraud independent of his contract claims, he may be able to allege those facts with the specificity required to support a fraud claim. Should Plaintiff elect to re-plead, he must do so in accordance with the dictates of Federal Rule of Civil Procedure 11(b).

## IV. CONCLUSION

---

[2] Plaintiff is free to raise the claim in the appropriate state court.

For the reasons stated above, Defendants' renewed motion to dismiss, dkt. # 15, is hereby GRANTED.  The motion is granted with prejudice with respect to Plaintiff's claims for injunctive relief and for breach of contract.  Plaintiff's claims for injunctive relief are granted with prejudice with respect only to claims raised in this Court.  Plaintiff is free to raise any claims for injunctive relief in the appropriate state court. The motion is granted without prejudice with respect to Plaintiff's claim for fraudulent misrepresentation.  Plaintiff may file an amended complaint within 21 days of the date of this order.  Plaintiff's failure to file an amended complaint within that period will be deemed an abandonment of any such claim, and judgment will be entered in favor of the Defendants.

**IT IS SO ORDERED**


DATED: June 3, 2016

*[signature]*
Thomas J. McAvoy
Senior, U.S. District Judge