UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VICTOR SANTANA,

                **Plaintiff,**

                1:15-CV-1424

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, As Trustee for the Fannie Mae Guaranteed Remic Pass-Through Certificates Fannie Mae Remic Trust 2006-81, SETERUS, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

_____

THOMAS J. MCAVOY,
Senior District Judge

## DECISION AND ORDER

Before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See dkt. # 24. The parties have briefed the issues and the Court will decide the motion without oral argument.

**I. BACKGROUND**

Plaintiff filed an Amended Complaint *pro se* on June 27, 2016, after the Court granted Defendants' motion to dismiss his original Complaint without prejudice as to any claims for fraudulent misrepresentation. See dkt. # 23. The Amended Complaint

alleges that Plaintiff obtained a mortgage loan of $108,000 from First Franklin Bank on July 24, 2006. Id. at 3.[1] Plaintiff signed a promissory note secured by a mortgage on the subject property. Id. Defendant Mortgage Electronic Regulation Systems ("MERS") was First Franklin's mortgagee as nominee. Id. at 4. On July 23, 2013, Plaintiff alleges, Residential Credit Solutions, Inc. ("RCS"), then the holder of the mortgage loan, commenced a "faulty" foreclosure action against Plaintiff in the Schenectady County Supreme Court. Id. That court granted RCS's motion for summary judgment in the foreclosure action and substituted Fannie Mae as party plaintiff. Id.

The Amended Complaint alleges that Defendants engaged in fraudulent misrepresentation by intentionally failing to disclose to Plaintiff that the mortgage had been assigned to Fannie Mae. The Amended Complaint alleges that "FannieMae intended to induce Plaintiff on the misrepresentation" concerning assignment of the mortgage "by forcing him to make payments to a non-party on the Mortgage." Id. at 7. FannieMae's late substitution in the state foreclosure case also mislead the Plaintiff and the State Court about FannieMae's standing to commence the action. Id. Plaintiff seeks $250,000 in damages for this alleged fraudulent misrepresentation. Id.

Upon being served with the Amended Complaint, Defendants filed the instant motion to dismiss. Plaintiff did not respond to the motion. Since "no response was necessary" to a 12(b)(6) motion to dismiss, the Court will apply the appropriate legal standard and determine whether Plaintiff's Amended Complaint states a claim upon which relief could be granted. Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1983).

---

[1] The paragraphs of Plaintiff's Amended Complaint are not numbered. The Court's citations are to the pages in the Amended Complaint.

## II.     Legal Standard

Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor."  Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009).  This tenet does not apply to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).

When the Plaintiff proceeds *pro se*, the Court "'construe[s] [the complaint] broadly, and interprets [it] to raise the strongest arguments that [it] suggests.'"  Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)).  "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991)).  "[T]he court may, without converting the motion to dismiss into a motion for summary judgment, consider . . . any documents relied on and/or referenced in the complaint (even if those documents are not attached to the complaint, if those documents are provided by defendants in their motion to dismiss)[.]"  Pierce v. Monell, 2007 WL 2847317, at *5 & n.21 (N.D.N.Y. 2007) (citing Chambers v. Time Warner, 282 F.3d 147, 153 & n.3 (2d Cir. 2002)).  "The court need not accept as true an allegation

3

that is contradicted by documents on which the complaint relies." In re Bristol-Myers Squibb Sec. Litig., 312 F. Supp. 2d 549, 555 (S.D.N.Y. 2004).

## III. ANALYSIS

Defendants seek dismissal of Plaintiff's sole remaining fraudulent misrepresentation claim. "To state a claim for fraudulent misrepresentation under New York law, 'a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance.'" Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co., 375 F.3d 168, 186-87 (2d Cir. 2004). Federal Rule of Civil Procedure 9(b) requires that a plaintiff plead fraud with particularity. Acito v. IMCERA Group, 47 F.3d 47, 51 (2d Cir. 1995) (citing FED. R. CIV. P. 9(b)). The Plaintiff must: "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Id. (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)).

The Amended Complaint alleges that on June 5, 2015, Plaintiff "discovered that his Mortgage securing the Loan ha[d] been owned by" FannieMae "for some time." Amend. Complt. at 5. Before that time, Plaintiff lacked sufficient information "to substantiate his knowledge of FannieMae's involvement." Id. At that time, FannieMae's website contained information that Plaintiff was eligible to participate in government programs that would have made his mortgage more affordable. Id. at 6. Because Plaintiff was not aware of [FannieMae's] involvement, he did not have an opportunity to

4

take advantage of these programs before becoming the defendant in the state foreclosure action. Id. Plaintiff further alleges that no assignment of mortgage was recorded in the Schenectady County Recorder's Office. Id.

Plaintiff alleges that FannieMae committed fraud by: "failing [to] disclose, pursuant to the terms and conditions in the Mortgage that while the Mortgage indicates the Note and Mortgage may be sold, . . . it states that the Note and Mortgage would be transferred together." Id. FannieMae also failed to provide notice of this assignment as required by the loan documents, despite FannieMae's knowledge of the assignment. Id. at 6-7. In this conduct, Plaintiff contends, FannieMae intended to induce Plaintiff to make payments to a non-party on the mortgage. Id. at 7. FannieMae also had itself substituted into the state foreclosure action at a late date, which Plaintiff contends "[misrepresented] to Plaintiff and the State court" FannieMae's "standing to commence a judicial foreclosure." Id. These actions caused Plaintiff harm because he had an order of judgment entered against him in state court, and now suffers from "imminent danger of losing his home." Id.

These allegations fail to meet the particularity standard of Rule 9(b). First, Plaintiff does not point to any particular statement. Indeed, he does not even allege damage from any speech on which he relied; his damage came because Defendants failed to speak and make him aware that his mortgage had been assigned. Second, to extent that he does identify any speech, Plaintiff fails to identify any particular speaker, but instead attributes the allegedly fraudulent speech to a corporation and a corporation's website. Courts in this circuit have been clear that allegations of fraud cannot rely on generalized claims that corporations or their agents made fraudulent

5

statements. See Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) (dismissing complaint that failed to assign fraudulent statements to particular individuals connected to corporate defendant because "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to defendants.") (internal citation omitted); Greenspan v. Allstate Ins. Co., 937 F.Supp. 288, 291 (S.D.N.Y. 1996) (an allegation of fraud "must link the allegedly fraudulent statement to an individual speaker; attribution to a corporate entity or its representative is insufficient"); Lomaglio Associates Inc. v. LBK Marketing Corp., 876 F.Supp. 41, 44 (S.D.N.Y. 1995) ("Attributing statements to a corporate entity does not suffice to link those statements to any individuals, be they directors or otherwise"). Third, to the extent that the speech concerned the assignment of the mortgage, Plaintiff does not allege that the statements were false, much less fraudulent.

Moreover, Plaintiff has not only failed to plead fraud with particularity, he has also failed to plead the elements of a fraudulent misrepresentation claims. Plaintiff has not alleged any materially false representation by any particular defendant; he has simply alleged that he did not receive notice of an assignment. The Court must grant the motion in that respect as well.

Plaintiff has therefore failed to plead fraud or fraud with particularity, despite being given an opportunity to file an amended Complaint. The Court will therefore dismiss the Complaint with prejudice.[2]

---

[2] Defendants further claim that their motion should be granted on *res judicata* grounds. They contend that a state court has entered judgment in the foreclosure action and Plaintiff is therefore precluded from raising the issues the state court decided in this action. "Under the doctrine of *res judicata*, a final judgment on the merits in an action 'precludes the parties or their privies from relitigating issues that were or could have

**IV.    CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss, dkt. # 24, is hereby GRANTED, with prejudice.

**IT IS SO ORDERED**

**DATED:** October 13, 2016

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

been raised in that action.'" Computer Assocs. Int'l v. Altai, Inc., 126 F.3d 365, 369 (2d Cir. 1997) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). The doctrine "bars the subsequent litigation of any claims arising from the transaction or series of transactions which was the subject of the prior suit." Id.  Defendants' attorney filed an affidavit in conjunction with the motion to dismiss. See Affidavit of Allison J. Schoenthal, dkt. # 24-2. Attorney Schoenthal avers that the underlying mortgage foreclosure action "remains pending." Id. at ¶ 6.  Since the action remains pending, there is no final judgment and the doctrine of *res judicata* cannot apply here.